# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND PADILLA,

    *Plaintiff,*

vs.

STATE OF NEVADA, *et al.,*

    *Defendants*.

2:09-cv-01636-RLH-PAL

ORDER

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A as well as on plaintiff's motion (#3) for a temporary restraining order and motion (#4) for a preliminary injunction.

### *Screening*

Local Rule LSR 2-1 requires that a *pro se* civil rights complaint must be filed on the Court's required form. In this case, plaintiff did not use the required form for all parts of his complaint. He did not use the portion of the required form for listing the defendants. He instead bunched forty-eight defendants into a single handwritten paragraph. Plaintiff further did not use the required form for the statement of jurisdiction, the nature of the case, and the first and last two counts of the complaint. Plaintiff may not selectively use only portions of the form in filing a complaint.

The Court will give plaintiff an opportunity to file an amended complaint that uses the complete required form in compliance with Local Rule LSR 2-1. In filing an amended complaint, plaintiff further must comply with the margin requirements of Local Rule LR 10-1, which requires that he leave a 1-1/2" margin at the top of each page after the first page.

Plaintiff further should note that if he does not leave adequate margins on the sides and bottom of his pages, material will be not be picked up when the pleading is scanned. Plaintiff will be able to see this inability to scan on the copy of the complaint returned with this order.

### *Motions for Temporary and Preliminary Injunctive Relief*

In the motion (#3) for a temporary restraining order and motion (#4) for a preliminary injunction, plaintiff seeks temporary and preliminary injunctive relief directing the "N.D.O.C., its administrators and agents": (a) to lift his copy credit limit for legal copies; (b) to allow him access to all legal materials necessary to litigate his case, including access to copying of prison operational procedures, administrative regulations, state statutes, and "American Corrections Administrative Codes;" and (c) to either immediately release plaintiff from administrative segregation or transfer him to an institution where he may gain access to liberties allegedly provided by various administrative regulations.

The motion will be denied.

First, plaintiff has failed to provide the verification and certification required under Rule 65(b)(1) of the Federal Rules of Civil Procedure for issuance of a temporary restraining order without both notice to the adverse party and an opportunity to be heard.

Second, on the showing made, plaintiff has demonstrated neither irreparable injury nor a substantial likelihood of success on the merits. The right protected under the First Amendment is a right to access to the courts, not a right to a particular legal resource or resources. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996). Accordingly, alleging only a denial of access to a particular legal resource, without more, does not present a viable First Amendment claim, whether for injunctive relief or otherwise. Rather, in order to present a plausible First Amendment claim in this context, the plaintiff must present factual allegations that would show actual injury to his ability to present a claim to the courts. 518 U.S. at 351-52, 116 S.Ct. at 2180. Plaintiff has not done so. He has failed to show either irreparable injury or a substantial likelihood of success either as to his claims regarding legal resources or his claims regarding placement in administrative segregation.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint but shall withhold service at this time.

IT FURTHER IS ORDERED that plaintiff shall have thirty (30) days to file an amended complaint correcting the deficiencies identified in this order.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-01636-RLH-PAL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

IT FURTHER IS ORDERED that plaintiff's motion (#3) for a temporary restraining order and his motion (#4) for a preliminary injunction both are DENIED.

The Clerk of Court shall provide plaintiff with a copy of the complaint together with five (5) copies of a Section 1983 complaint form and one copy of the instructions for same.  The Court is providing this number of copies due to the number of counts in the original complaint and plaintiff's assertion that he has exceeded his copy credit limit.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.[1]

If plaintiff does not timely mail an amended complaint to the Clerk for filing that fully complies with this order, this action will be dismissed without further advance notice.

DATED:   July 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

---

[1] Nothing in this order holds or implies that the original complaint otherwise is free of deficiencies.