UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND PADILLA,<br><br>             Plaintiff,<br><br>      vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>             Defendants. | Case No.: 2:09-cv-01636-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Leave to Amend–#23;<br>Motion for Temporary Restraining<br>Order–#24; Motion for Preliminary<br>Injunction–#25; Motion to Dismiss–#29;<br>Motion to Strike–#37) |

Before the Court are Plaintiff Raymond Padilla's **Motion for Leave to Amend** (#23, filed Sept. 7, 2011), **Motion for Temporary Restraining Order** (#24, filed Sept. 8), and **Motion for Preliminary Injunction** (filed Sept. 8). Also before the Court are Defendants' **Motion to Dismiss** (#29, filed Oct. 17) and **Motion to Strike** (#37, filed Jan. 5). The Court has also considered the relevant Oppositions and Replies to these motions.

**BACKGROUND**

This is a prisoner civil rights action brought by *pro se* prisoner Raymond Padilla. Padilla has three claims remaining in his second amended complaint: (1) Eighth Amendment violation due to the conditions of his confinement; (2) First Amendment retaliation; and (3) Eighth

Amendment violation due to deliberate indifference to his serious medical needs.  For the reasons discussed below, the Court denies each of Padilla's motions, and grants Defendants' motions.

## DISCUSSION

### I.  Motion for Leave to Amend

Padilla seeks to amend his complaint by adding back in two counts that were previously dismissed without prejudice.  Defendants first argue that amendment should be denied because Padilla cites the wrong subsection of Rule 15 as the basis for his motion.  It is highly unlikely the Court would deny a motion on this ground for a represented party, much less for a *pro se* prisoner, and advises Defendants counsel to not make such frivolous arguments in the future.  However, Defendants other argument is correct.  Padilla's request does not comply with Local Rule 15-1, which requires a party to attach a complete copy of any proposed amended pleading to a motion for leave to amend.  Here, Padilla only attaches the two counts he wants added.  This is improper under the Local Rules and this Court has repeatedly informed Padilla that he must comply with the Local Rules.  Thus, the Court denies the motion.

### II.  Motions for TRO or Preliminary Injunction

Padilla also seeks a TRO or preliminary injunction requiring High Desert State Prison to provide him the medical care he believes he needs.  In reality, Padilla seeks a writ of mandamus, which the Court is not prepared to issue.  Further, the Court denies the motions for the reasons set forth in its Order (Dkt. #6) denying Padilla's previous requests for either a TRO or a preliminary injunction.

### III.  Motion to Dismiss and Motion to Strike

#### A.  Motion to Strike

Before addressing Defendants' motion to dismiss the Court will first address and grant Defendants' motion to strike.  After Defendants filed their reply to their motion to dismiss, Padilla filed a sur-reply without first seeking permission from the Court.  Sur-replies are not authorized by either the Federal Rules of Civil Procedure or this Court's Local Rules, though the

AO 72
(Rev. 8/82)

1  Court may grant permission for a party to file a sur-reply if requested and if there are grounds for
2  it. As Padilla did not first seek leave to file a sur-reply, the Court strikes Padilla's sur-reply
3  without examining its contents.

4        **B.**      **Motion to Dismiss**

5        Under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), a
6  prisoner must timely and properly exhaust all available administrative remedies before filing suit.
7  *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Section 1997e(a) creates an
8  affirmative defense to suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant has the
9  burden of raising and proving that the plaintiff did not exhaust his administrative remedies. *Id.* In
10  the Ninth Circuit, this affirmative defense may be asserted by an unenumerated Rule 12(b) motion,
11  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), as Defendants have done here. "In
12  deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look
13  beyond the pleadings and decide disputed issues of fact." *Id.*

14        Here, Defendants argue that Padilla failed to exhaust his administrative remedies.
15  Defendants demonstrate that, at various times and with various complaints making up his claims at
16  issue here, Padilla filed grievances late, did not include the requisite factual allegations, and did
17  not include his desired remedies. (*See generally*, Dkt. #32, Appendix of Exhibits, Ex. D.) In
18  response, Padilla merely claims that he has sufficiently put the Defendants on notice and that he
19  need not exhaust every claim of his lawsuit. This is both legally incorrect and insufficient to
20  counteract Defendants' proffered evidence. Accordingly, the Court finds that Padilla has not
21  exhausted his administrative remedies as to the issues addressed in Defendants' motion.
22  Accordingly, the Court dismisses the allegations that were not exhausted through the
23  administrative process. As such, Padilla's only remaining allegations are his Count I allegations
24  related to recreational facilities and to the food he was served and his Count III allegations related
25  to his skin disease and toe nail issues. Count II is dismissed in its entirety.
26  /

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Padilla's Motion for Leave to Amend (#23) is DENIED.

IT IS FURTHER HEREBY ORDERED that Padilla's Motion for TRO (#24) is DENIED.

IT IS FURTHER HEREBY ORDERED that Padilla's Motion for Preliminary Injunction (#25) is DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Strike (#37) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Dismiss (#29) is GRANTED, without prejudice, as follows:

- The recreational facilities and food allegations of Count I survive, all other allegations are dismissed.
- Count II is dismissed.
- The skin and toe nail allegations of Count III survive, the tooth allegations are dismissed.

Dated: February 6, 2012.

_____
ROGER L. HUNT
**United States District Judge**