UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND PADILLA,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE OF NEVADA, et al.,<br><br>           Defendants. | Case No. 2:09-cv-01636-MMD-PAL<br><br>ORDER<br><br>(Plaintiff's Motion for Reconsideration – dkt. no. 46) |

**I.   SUMMARY**

Before the Court is Plaintiff's Motion for Reconsideration. (Dkt. no. 46.) For the reasons discussed below, the Motion is DENIED.

**II.   BACKGROUND**

Plaintiff, a pro se litigant proceeding *in forma pauperis,* initially filed his Complaint on July 12, 2010. Plaintiff's Complaint has been screened three times. The first two versions of Plaintiff's complaint contained several procedural defects, and the Court dismissed the complaints with leave to amend. (Dkt. nos. 6 and 10.) Plaintiff's Second Amended Complaint ("SAC") also contained several procedural defects and did not follow the requirements set forth in the Local Rules. (Dkt. no. 13 at 3.) Because of this, in its Third Screening Order (dkt. no. 13), the Court dismissed Counts IV and V without prejudice. Thereafter, Plaintiff filed a Motion for Leave to Amend in an attempt to amend

his SAC to include Counts IV and V.  (Dkt. no. 23.)  The Court rejected Plaintiff's Motion for Leave to Amend because the motion failed to comply with Local Rule 15-1, which requires a party to attach a complete copy of any proposed amended pleading to a motion for leave to amend.  (Dkt. no. 2 at 2.)  Plaintiff now asks the Court to reconsider its Third Screening Order.  (Dkt. no. 46 at 1.)

### III. DISCUSSION

#### A. Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under 60(b).[1]  Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision.  *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).  Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.

---

[1] Motions for reconsideration may also be brought under Rules 59(e), but because Plaintiff did not file his motion within the requisite time period under Rule 59(e) – 28 days – that Rule is inapplicable here.  *See* Fed. R. Civ. P. 59(e).

2

Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### B.  Analysis

Plaintiff does not argue any newly discovered evidence exists or that there has been any change in the applicable law.  Nor does Plaintiff offer facts or law in support of his claim of clear error.

Further, dismissal of Plaintiff's claims without prejudice was not manifestly unjust. Plaintiff was given multiple opportunities to properly amend his Complaint, and in each instance the Court provided Plaintiff with directions on how to properly do so.

Relatedly, Plaintiff's arguments that he could not comply with the Court's direction because he is a pro se litigant are unavailing.  "[P]ro se litigants are bound by the same rules of procedure as other litigants." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1292, fn. 1 (D. Nev. 2003).  The Court agrees with Defendants that "Plaintiff may be entitled to a liberal pleading standard, but he is not exempt from following the applicable rules of procedure." (Dkt. no. 47 at 5.)

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (dkt. no. 46) is DENIED.

DATED THIS 24th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE